IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROY WAFER, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-509-X-BK |
| | § | |
| FREMONT MORTGAGE CO, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Leroy Wafer's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED**.

**I. BACKGROUND**

On March 3, 2022, Wafer, a resident of Dallas, Texas, filed a *pro se* complaint against Fremont Mortgage Co., complaining of fraud stemming from the foreclosure on his home. Doc. 3 at 1-2. He requests the return of his home taken as the result of "scam-fraud" and damages of $16,000,000.00. Doc. 3 at 3. In September 2022, Wafer filed his second *Request to Amend with Additional Defendants*, listing as defendants: (1) Fremont Mortgage of California, (2) Deutsche Bank National Trust Company of Santa Clara, California, and (2) Jessica Rodriguez of Empire Real Estate of the Colony, Texas. Doc. 11 at 1. Because his motion was not accompanied by a proposed amended complaint as required by this district's Local Civil Rule 15.1, the Court denied Wafer's motion without prejudice to refiling with an attached amended complaint. Doc.

12.  Wafer did not file an amended complaint but later filed *Answers to the Magistrate Judge's Questionnaire*.  In response to the Court's request therein to provide the address for service of process on Defendant Fremont Mortgage, Wafer also provided the addresses for Defendants Rodriguez and Deutsche Bank.  Doc. 15 at 1.  Wafer avers that he is relying on diversity jurisdiction because "Plaintiff and Defendants are in different states, and the 'amount in controversy' is more than $75,000 . . . ."  Doc. 15 at 2.

By requesting that Wafer file a more definite statement through a questionnaire, the Court in substance permitted him to amend his complaint, which he had previously failed to do.  *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).  Upon review, however, the Court concludes that subject matter jurisdiction is lacking and, even assuming jurisdiction, Wafer's fraud claim fails to state a claim.  Thus, this action should be dismissed.[1]

## I.     ANALYSIS

The Court should always examine, sua sponte, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty,

---

[1] This is Wafer's second civil action involving the foreclosure of his home.  In 2019, he sued Fremont Home Loan and Ocwen Loan Servicing, LLC, in state court and Ocwen removed the case to federal court.  *Wafer v. Fremont Home Loan, et al.*, No. 3:19-CV-1169-N-BH (N.D. Tex.).  Eventually, the Court sua sponte dismissed Fremont from the lawsuit as an improperly joined defendant, granted Ocwen's motion for judgment on the pleadings, and dismissed all of Wafer's claims against Ocwen with prejudice, including his claim of common law fraud.  *Wafer*, No. 3:19-CV-1169-N-BH, 2020 WL 5506004, at *1-8 (N.D. Tex. July 23, 2020), *R. & R. adopted*, 2020 WL 5500271 (N.D. Tex. Sept. 11, 2020).

*see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Wafer's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, his assertion that Defendant Rodriguez is located in Texas defeats subject-matter jurisdiction on the basis of diversity. Doc. 15 at 1; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

That notwithstanding, even if the Court assumes diversity jurisdiction, Wafer's "scam-fraud" allegations fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B) (providing for summary dismissal of *in forma pauperis* actions that fail to state a claim upon which relief may be granted).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In support of his "scam fraud" claim, Wafer asserts:

> Plaintiff paid from 2004 $1,100.00 a month for seven (7) years  Up to 2011, Plaintiff paid $92,400.00 without missing any notes, thereafter the defendants hired debt collector Littion Servicing and Ocwen, PHH debt collectors.  Plaintiff have

paid over $150,000.00 and more on Plaintiff home, the defendant created the scam to increase the debt by charging $60,000.00 for each modification, three modification was approved by defendants, the defendants waited 20 days or more stating that the modifications are $180,000.00 for three and was attach to Plaintiff mortgage statements,  A "big scam fraud to take Plaintiff home" to re-sell,  Plaintiff home was sold on about December 18th, 20th 2020, Plaintiff was out of town, didn't no notice of foreclosure nor notice of sell.   Plaintiff had Attorney to examine the modification there was charging fee's.

Plaintiff have evidence from the Dallas County Appraisal District and deeds to the Property stating 100% owner.

The defendant sold Plaintiff property stating that Plaintiff was behind in rental, defendant made false statement to the Justice of the Peace Precinct 5 and to the Dallas County Constable Office.

Plaintiff assert this is a real case of scam-fraud, citing the case in New Mexico *Ex rel, Balderas v. Real Estate Law*, 409 F. Supp. 3d 1122.  Plaintiff lived in his home over 18 years raised his kids and grandkids, took my home and everything in it, I have no home, homeless, I'm a senior citizen, Army veteran 75 years of age.

Doc. 3 at 1-2 (errors in original).

Even when liberally construed, Wafer's personal story is compelling but his conclusory allegations do not satisfy Rule 9(b)'s requirement to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  *See also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." (quotations and quoted case omitted)).  Indeed, Wafer presents "threadbare recitals" of fraud, which are simply insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[T]he well-pleaded facts [in the complaint must] permit the court to infer more than the mere possibility of misconduct . . . .").  And when permitted to expound on his factual allegations through the Court's Questionnaire, he merely states that he will provide the dates of the fraud and when he

learned about Defendants' actions after discovery. Doc. 15 at 3. Likewise, when asked to state specifically the time, place and content of the false representations — the basis for his fraud claim — Wafer does not provide any details and merely states that he does not understand the question. Doc. 15 at 3. Accordingly, on its face, Wafer's pleadings fail to state a plausible fraud claim. *See Twombly,* 550 U.S. at 570.

## II. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Wafer's complaint and *Answers to the Magistrate Judge's Questionnaire* demonstrate a lack of subject matter jurisdiction in this Court. Further, even assuming diversity jurisdiction, Wafer has already been granted the opportunity to cure, if possible, the defects in his fraud claims and declined to do so. Thus, granting leave to amend would be futile and cause needless delay.

## III.   CONCLUSION

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3). Alternatively, assuming diversity jurisdiction, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on February 10, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).