UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEROY WAFER,<br><br>　　*Plaintiff,*<br><br>v.<br><br>FREMONT MORTGAGE CO., et al.,<br><br>　　*Defendant.* | § § § § § § § § § § | Case No. 3:22-CV-0509-X-BK |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 17]. Plaintiff Leroy Wafer filed a *pro se* complaint against Fremont Mortgage Company, alleging fraud stemming from the foreclosure of his home and seeking the return of his home and $16 million in damages.[1] Wafer moved for leave to amend his complaint to add new defendants Deutsche Bank National Trust Company of Santa Clara, California and Jessica Rodriguez of Empire Real Estate of the Colony, Texas.[2] The Magistrate Judge denied this request without prejudice because Wafer failed to attach a proposed amended complaint to his motion, but then permitted him to amend his complaint via his answers to the Court's Questionnaire, in which he listed the new defendants and their addresses.[3] The Magistrate Judge concluded that the Court lacks subject-matter

---

[1] Doc. No. 3 at 1–3.

[2] Doc. No. 11 at 1.

[3] Doc. No. 15 at 1.

1

jurisdiction over this suit because Wafer claims in the Questionnaire that "Plaintiff and Defendants are in different states[] and the 'amount in controversy[]' is more than $75,000," but he also states that Rodriguez resides in the Colony, Texas.[4] Since Wafer lives in Dallas, Texas,[5] there is not complete diversity between the parties, so there is not diversity jurisdiction.

Wafer filed objections, raising a variety of concerns including denial of discovery and trial by jury, bias, prejudice, and violation of his constitutional rights.[6] But Wafer fails to explain any of these objections, offering only conclusory legal assertions. He mentions that "jurisdiction is proper" and that "both parties agreed to jurisdiction in federal court," but he provides no response to the Magistrate Judge's conclusion that there is not complete diversity between the parties. Accordingly, the Court **OVERRULES** Wafer's objections.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendations to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. [Doc. No. 17]. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action under Federal Rule of Procedure 12(h)(3).

---

[4] Doc. No. 17 at 3 (citing Doc. No. 15 at 1; *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)).

[5] Doc. No. 3 at 1, 3.

[6] Doc. No. 20 at 2–3.

**IT IS SO ORDERED,** this 27th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE